JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0032 (AG) (RNBx) | Date | January 9, 2014 |
|---|---|---|---|
| Title | PDQ INVESTMENTS LLC v. MARCOS URIBE | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:

**Proceedings:**     **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff PDQ Investments LLC, as trustee for Washington Trust #7593 ("Plaintiff") filed this case in state court, stating a simple cause of action for unlawful detainer. Marcos Uribe ("Uribe") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). In other words, federal removal jurisdiction is proper "[if] the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997. Removal jurisdiction should be strictly construed in favor of remand to protect the jurisdiction of state courts. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Uribe argues that this Court has federal jurisdiction under 28 U.S.C. Section 1443(1), which authorizes removal of cases "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0032 (AG) (RNBx) | Date | January 9, 2014 |
|---|---|---|---|
| Title | PDQ INVESTMENTS LLC v. MARCOS URIBE | | |

Courts apply a two-part test to determine whether a case is properly removed under Section 1443(1). *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Uribe claims that "California Unlawful Detainer and Non-Judicial Foreclosure Statutes . . . were enacted, and not at all uniquely, with express discriminatory intent and . . . are designed to obliterate . . . Constitutional freedoms . . . ." (Notice ¶¶ 23-24.) He says there are "special California statutory impairments of the rights to make and enforce contracts," including, he says, the fact that California superior courts "do not require any proof of ownership or title to property prior to commencing eviction proceedings . . . which permits fraudulent transaction to take place," and "do no [sic] uphold the California Code of Civil Procedure section 367 (Real Party in Interest)." (Notice ¶¶ 41-42.)

These arguments fail to show that removal is appropriate here for least two reasons. First, Uribe has not shown that he asserted, as a defense to the unlawful detainer action, "rights [] given to [him] by [an] explicit statutory enactment protecting equal racial civil rights." *Id.* Second, Uribe has not explained how any of the "California Unlawful Detainer and Non-Judicial Foreclosure Statutes" he references "purports to command the state courts to ignore the federal rights." *Sandoval*, 434 F.2d at 636. Thus, removal under Section 1443 is not appropriate.

In closing, the Court reminds Uribe that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0032 (AG) (RNBx) | Date | January 9, 2014 |
|---|---|---|---|
| Title | PDQ INVESTMENTS LLC v. MARCOS URIBE | | |

these concerns. Uribe is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

The Court also notes that Uribe is representing himself without a lawyer. People who represent themselves in court without a lawyer are called "pro se litigants." Whether acting as plaintiffs or defendants, pro se litigants in federal court face special challenges. The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. For more information about the clinic, visit http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

Uribe fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |